J-S38030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: R.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.D. NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 356 WDA 2018 |

Appeal from the Decree February 2, 2018
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
CP-07-DP-00126-2017

| | | |
|---|---|---|
| IN RE: G.A.D., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.D., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 357 WDA 2018 |

Appeal from the Decree February 2, 2018
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
CP-07-DP-00040-2017

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 09, 2018**

S.D. (Father) appeals from the decrees dated February 1, 2018, and entered February 2, 2018, granting the petitions filed by the Blair County Children, Youth and Families agency seeking to involuntarily terminate his parental rights to his minor children, R.S., a female born in November of 2015,

---

[*] Retired Senior Judge assigned to the Superior Court.

and G.A.D., a male born in June of 2013 (collectively, the Children), with A.M.S. (Mother), pursuant to the Adoption Act, 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b).[1] We vacate and remand with instructions, as set forth below.

The underlying facts regarding the termination of Father's parental rights are not pertinent to our disposition. Of relevance to this appeal, G.A.D. was over four years old at the time of the termination hearings. R.S. turned two years old a few months before the hearings.

In *In re Adoption of L.B.M.*, 161 A.3d 172 (Pa. 2017) (plurality), the Pennsylvania Supreme Court concluded that 23 Pa.C.S. § 2313(a) requires that counsel be appointed to represent the legal interests of a child involved in a contested involuntary termination proceeding. *L.B.M.*, 161 A.3d at 180. Four Justices in *L.B.M.*, however, agreed that a guardian *ad litem* (GAL) could fulfill the role required by Section 2313(a), if there was no conflict between a child's legal interests and best interests. *In re T.S.*, 192 A.3d 1080, 1082 (Pa. 2018) (noting that only three members of the Pennsylvania Supreme Court agreed that "there must always be a separate attorney representing the child's legal interests"); *see also L.B.M.*, 161 A.3d at 184 (Saylor, C.J., concurring, joined by Todd, J.) (emphasizing that the propriety of permitting

---

[1] In separate decrees dated February 1, 2018 and entered February 2, 2018, the trial court also involuntarily terminated the parental rights of Mother to the Children pursuant to section 2511(a)(1), (2), (5), (8), and (b) of the Adoption Act. Mother is not a party to this appeal, nor has she filed her own appeal.

a GAL to serve as both legal and best-interests counsel "should be determined on a case-by-case basis, subject to the familiar and well-settled conflict of interest analysis").

In *In re T.M.L.M.*, 184 A.3d 585 (Pa. Super. 2018), this Court *sua sponte* reviewed the record to ascertain the scope of the representation by the GAL. *T.M.L.M.*, 184 A.3d at 589-90. The Court ascertained that the GAL had an opportunity to make a statement, at which counsel stated she did not meet with the Child or talk with the Child directly. *Id.* at 589. The Court continued as follows:

> Notably, we are unable to locate any place in the record, in this statement or otherwise, where [the GAL] set forth Child's preferred outcome. Nor did [the GAL] indicate that she was unable to ascertain Child's preferred outcome due to Child's age, development, or other reason. In fact, she freely admitted that she did not even attempt to interview Child.

*Id.* at 589-90 (footnote omitted).

In *T.S.*, the Pennsylvania Supreme Court addressed whether a GAL could represent the legal and best interests of children who were two and three years old. *T.S.*, 192 A.3d at 1089. The parties, however, had agreed that because of the children's ages, they could not "have formed a subjective, articulable preference to be advanced by counsel during the termination proceedings." *Id.* (footnote omitted). The question before that Court was whether a GAL could represent the legal interests of such children when the children's preference were not ascertainable. *Id.* The Court held that "if the

- 3 -

wishes of the child cannot be ascertained, the GAL has no duty to 'advise the court' of such wishes." *Id.*

Instantly, at the termination hearings, the GAL advised the court that she was satisfied she could represent the interests of the Children.  N.T., 1/4/18, at 8; 1/31/18, at 6.  Like the GAL in *T.M.L.M.*, however, the GAL did not express G.A.D.'s preferred outcome or that G.A.D. was unable to ascertain his preferred outcome due to his age, development, or some other reason. *See T.S.*, 192 A.3d at 1089; *T.M.L.M.*, 184 A.3d at 589-90.  Unlike the parties in *T.S.*, there was no agreement that G.A.D. could not express his wishes.[2] *Cf. T.S.*, 192 A.3d at 1089.

Accordingly, without some on-the-record statement by the GAL as to G.A.D.'s preferences or his inability to express his preferences, we vacate the decree terminating Father's parental rights as to G.A.D.  *See T.M.L.M.*, 184 A.3d at 589-90.  We remand to have the GAL notify the orphans' court as to whether the result of the underlying proceeding is consistent with G.A.D.'s legal interests or whether the GAL believes a new hearing is necessary in order for the child's legal interests to be represented.  *See id.* at 591.  The GAL must document with the trial court her appropriate consultation with G.A.D. *See id.*

_____

[2] We acknowledge that R.S. was slightly over two years old at the time of the termination hearing.  No party has suggested that R.S. would have been able to articulate her preference to the GAL.  *See T.S.*, 192 A.3d at 1089.

Furthermore, our review of the record reveals deficiencies in the trial court's 23 Pa.C.S. § 2511(b) analysis. By way of background, the trial court opined as follows:

> We accept that the Father loves both of his children and has a bond with them. There was a period of time when he had both in his custody, but the evidence establishes that during this time, he resided in his mother's home and they essentially had a shared arrangement of caring for the children. The Father has never had exclusive custody of his children. Whatever bond may exist between the children and their Father is outweighed by their need for safety, stability and permanency.

*Id.* at 20-21. The trial court noted that Father attempted to visit the Children several times but the foster parents kept making excuses. *Id.* at 20. The trial court justified their excuses based on Father's admission he was using illegal drugs at that time. *Id.* at 20-21. But the trial court, other than quoting section 2511(b), did not explicitly engage in a section 2511(b) analysis, including the effect of severing the bond on the Children.

On appeal, Father contends that he offered uncontested evidence of his strong bond with the Children. Father's Brief at 17. Specifically, Father states that his relationship with G.A.D. was amazing and they were "inseparable." *Id.* Father points out that because of his incarceration, he could not afford to communicate with Children. *Id.* He maintains that the record lacks sufficient evidence of the impact of severing his parental bond. *Id.* at 17-18.

The standard of review is abuse of discretion. *In re Adoption of S.P.*, 47 A.3d 817, 826-27 (Pa. 2012). Section 2511(b) follows:

**(b) Other considerations.—**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S. § 2511(b).

This Court has stated that the focus in terminating parental rights under section 2511(a) is on the parent, but it is on the child under section 2511(b). *See In re Adoption of C.L.G.*, 956 A.2d 999, 1008 (Pa. Super. 2008) (*en banc*).

[I]f the grounds for termination under subsection (a) are met, a court shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The emotional needs and welfare of the child have been properly interpreted to include intangibles such as love, comfort, security, and stability. [T]his Court [has] held that the determination of the child's needs and welfare requires consideration of the emotional bonds between the parent and child. The utmost attention should be paid to discerning the effect on the child of permanently severing the parental bond.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (internal quotation marks, brackets, and citations omitted).[3]

---

[3] When evaluating a parental bond, "the court is not required to use expert testimony. Social workers and caseworkers can offer evaluations as well. Additionally, section 2511(b) does not require a formal bonding evaluation." *In re Z.P.*, 994 A.2d 1108, 1121 (Pa. Super. 2010) (citations omitted).

A parent's abuse and neglect are likewise a relevant part of this analysis because a conclusion that

> a child has a beneficial bond with a parent simply because the child harbors affection for the parent is not only dangerous, it is logically unsound. If a child's feelings were the dispositive factor in the bonding analysis, the analysis would be reduced to an exercise in semantics as it is the rare child who, after being subject to neglect and abuse, is able to sift through the emotional wreckage and completely disavow a parent. . . . Nor are we of the opinion that the biological connection between [the parent] and the children is sufficient in of itself, or when considered in connection with a child's feeling toward a parent, to establish a *de facto* beneficial bond exists. The psychological aspect of parenthood is more important in terms of the development of the child and [his or her] mental and emotional health than the coincidence of biological or natural parenthood.

*In re K.K.R.-S.*, 958 A.2d 529, 535 (Pa. Super. 2008) (citations and quotation marks omitted).

"In addition to a bond examination, the court can equally emphasize the **safety** needs of the child under" a section 2511(b) analysis. *See In re K.Z.S.*, 946 A.2d at 763 (emphasis in original) (affirming involuntary termination of parental rights, despite existence of some bond, where placement with mother would be contrary to child's best interests). Finally,

---

Although "the wise approach is to have a bonding evaluation and make it part of the certified record[, t]here are some instances . . . where direct observation of the interaction between the parent and the child is not necessary and may even be detrimental to the child." *In re K.Z.S.*, 946 A.2d 753, 762 (Pa. Super. 2008) (citation omitted).

this Court has held that a parent's love of his or her child, alone, does not preclude termination. **See In re L.M.**, 923 A.2d 505, 512 (Pa. Super. 2007).

Here, the trial court acknowledged Father's bond with Children and opined that any such bond must be secondary to the Children's rights to safety, stability, and permanency. But the court's opinion did not discuss, let alone indicate it paid "utmost attention" to the effect of permanently severing the Children's parental bond, given its apparent emphasis on the Children's safety needs. **See In re T.S.M.**, 71 A.3d at 267; **see In re K.Z.S.**, 946 A.2d at 763; **see generally** 23 Pa.C.S. § 2511(b).

We therefore vacate without prejudice the remaining decree for R.S., and remand with instructions. With respect to G.A.D., the court must comply with our instructions, as set forth above. If a new hearing is not required for G.A.D., the court must then prepare a supplemental opinion addressing section 2511(b) properly for both children. Nothing within this memorandum should be construed as preventing the trial court from reentering its original decrees, contingent upon clarification of G.A.D.'s legal interests and discussion of section 2511(b) regarding the Children. The court also retains the discretion to schedule an additional hearing, if it determines the record is deficient.

Decrees vacated without prejudice. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2018